UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GLORIA ADAMS,

                Plaintiff,                   **MEMORANDUM & ORDER**
                                            24-CV-3707 (RER) (CLP)

        -against-

JUDGE KNIPEL LAWARENCE,
Administrative Judge,

                Defendant.
--------------------------------------------------------x

**RAMÓN E. REYES, JR., U.S.D.J:**

    *Pro se* Plaintiff Gloria Adams brings the instant complaint against Kings County Supreme Court Judge Lawrence Knipel. (ECF No. 1). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purposes of this Order. (ECF No. 2). For the reasons discussed below, the action is dismissed with prejudice.

## FACTUAL BACKGROUND

    Plaintiff brought a civil action against the New York City Housing Authority in Kings County Supreme Court in 2016. (*See Adams v. NYCHA*, Index No. 5532/2016; ECF No. 1 at 7-9). On September 28, 2023, Defendant dismissed Plaintiff's action. (*Id.*). Plaintiff asserts that Defendant lied about her state court action and prevented another judge from resolving the matter. (ECF No. 1 at 4). Plaintiff seeks monetary damages. (*Id.*)

## LEGAL STANDARD

    A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Further, to bring a lawsuit in federal court, a plaintiff must establish that the court has subject-matter jurisdiction over the action. The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Lee v. JPMorgan Chase Bank, N.A.*, No. 22-CV-6192 (PKC)(TAM), 2022 WL 14826479, at *1 (E.D.N.Y. Oct. 26, 2022) (this is true even "[n]othwithstanding the liberal pleading standard afforded to pro se litigants.") There are two types of federal subject-matter jurisdiction: federal question jurisdiction and diversity jurisdiction. To establish federal question jurisdiction, the

2

complaint must have a claim based on a federal law. See 28 U.S.C. § 1331. Federal courts sitting in diversity jurisdiction can consider cases that involve state laws, but only if the monetary value of the lawsuit is greater than $75,000 and all the defendants live in a different state than the plaintiff. See 28 U.S.C. § 1332.

## DISCUSSION

Liberally construed, Plaintiff may be seeking to assert a claim under Section 1983 which requires that a plaintiff must allege: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020); *see also Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). "Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles,* 502 U.S. at 11–12). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or

3

was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009); *Cora v. Lebron*, No. 24-CV-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024).

Here, Plaintiff's claims against Judge Knipel arise from decisions the Judge made during the state court proceeding, including dismissing Plaintiff's action. There are no plausible facts to suggest that the actions taken by Defendant were not taken within his judicial capacity or that Defendant acted in excess of his jurisdiction. Therefore, Defendant Knipel is immune from Plaintiff's suit for monetary damages. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))); *Manchanda v. Reardon*, No. 23-CIV-9292, 2024 WL 382116, at *9 (S.D.N.Y. Feb. 1, 2024).

4

## CONCLUSION

The Court has considered whether to grant leave to amend the Complaint but cannot find any possible way Plaintiff could have properly brought her claims in federal court. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Plaintiff's causes of action is substantive; better pleading will not cure it.") Accordingly, leave to amend the complaint is denied. The complaint, filed *in forma pauperis*, is dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order to the *pro se* Plaintiff, and note the mailing on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.06.26 21:14:14 -04'00'

_____
RAMÓN E. REYES, JR.
United States District Judge

Dated:       June 26, 2024
             Brooklyn, New York

5